UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY THOMAS SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>JACQUELINE FLORES, et al.,<br><br>    Defendants. | Case No. 23-cv-00132-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Before the Court is Defendants County of Napa and Jacqueline Flores's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion to dismiss, for the following reasons.

**I.    BACKGROUND**

This case challenges the mask mandate at a Napa public library. On January 11, 2022, Plaintiff Jeffery Thomas Smith, pro se, used the Napa County Library in Calistoga, California, without a face mask. First Amended Complaint ("FAC") (ECF 4) ¶¶ 11, 15.[1]  Smith cannot read a computer screen or book without using reading glasses, and using a face mask fogs the reading glasses, such that he cannot read. *Id.* ¶¶ 12, 24. Defendant Jacqueline Flores, a librarian at the Napa County Library, told Smith that he needed to wear a face mask. *Id.* ¶ 16. When he refused, she called the police. *Id.* ¶ 24. When the police arrived, Smith was wearing a mask. *Id.*

---

[1] For purposes of the motion to dismiss, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to Smith. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1  On January 10, 2023, Smith filed a complaint against Defendants Jacqueline Flores and the County of Napa. ECF 1. Smith amended his complaint on January 25, 2023, alleging violations of his due process and equal protection rights, that the mask mandate is a bill of attainder, and alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and intentional infliction of emotional distress. FAC ¶¶ 23-36. On March 7, 2023, Defendants moved to dismiss the complaint in its entirety for failure to state a claim. ECF 10.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. However, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citations omitted). The Court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated

2

1 failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing
2 party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v.*
3 *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178,
4 182, (1962)). To determine whether amendment would be futile, courts examine whether the
5 complaint can be amended to cure the defect requiring dismissal "without contradicting any of the
6 allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th
7 Cir. 1990).

**III.   DISCUSSION**

Smith alleges violations of due process, the bill of attainder clause, equal protection, the ADA, and intentional infliction of emotional distress ("IIED"). Defendants move to dismiss each cause of action. The Court addresses each in turn.

**A. Due Process**

Smith alleges that Flores and Napa County violated his Fifth Amendment Due Process rights. However, the Fifth Amendment due process clause only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Accordingly, the Court **DISMISSES** the fifth amendment claims against Defendants.

Smith also alleges a due process violation under the Fourteenth Amendment. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (citation omitted). To constitute a violation of substantive due process, an alleged deprivation must "shock the conscience and offend the community's sense of fair play and decency." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (citation and internal quotation marks omitted). The "shock the conscience" standard is satisfied "where the conduct was intended to injure in some way unjustifiable by any government interest or in some circumstances if it resulted from deliberate indifference." *Rosales-Mireles v. United States*, 585 U.S. 129, 138 (2018) (internal quotations and citations omitted).

Smith alleges that the County's mask mandate violated his rights as he was unable to read

at the Napa County library while wearing glasses. FAC ¶¶ 7, 25.[2] He has not alleged the deprivation of a fundamental right. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (concluding that fundamental rights include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception). Accordingly, rational basis review applies.

When the government infringes on non-fundamental rights, the alleged infringement need only be rationally related to a legitimate state interest. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Under rational basis review, "the burden falls on the party seeking to disprove the rationality of the relationship between the classification and the purpose." *United States v. Navarro*, 800 F.3d 1104, 1113 (9th Cir. 2015); *see United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007). Smith has not shown that the County mask mandate was not rationally related to a legitimate government interest.[3] When a state exercises its police powers to enact emergency health measures, courts will uphold the measures unless (1) they have "no real or substantial relation" to public health, or (2) the measures are "beyond all question, a plain, palpable invasion of rights secured by [ ] fundamental law." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 31 (1905). Many courts have applied *Jacobson* to COVID-related restrictions. *See Tandon v. Newsom*, 517 F. Supp. 3d 922, 949 (N.D. Cal. 2021) (citing cases). Indeed, "[e]very court to have addressed the issue of whether COVID-related restrictions violated substantive due process rights has concluded that the plaintiffs were not likely to succeed on the merits of their substantive due process claims." *Id.* at 950 (citing cases).

---

[2] To the extent Smith alleges that "the threat to make an arrest" violates his due process rights, FAC ¶ 7, he has not named the police officers as defendants, nor has he alleged any facts about a threated arrest, beyond Flores's call to the police.

[3] Smith alleges that there is no law enacted in California or Napa County mandating wearing a mask. FAC ¶¶ 26-27. However, the Court takes judicial notice of the Department of Health news releases requiring masking at public indoor settings to slow the spread of COVID-19, attached as Exhibits A and B to Defendants' request for judicial notice, ECF 10-1. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (the court may take judicial notice of matters of public record); *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998-99 (9th Cir.2010) (taking judicial notice of information on the websites of two school districts because they were government entities).

It is "undisputed [that] limiting the spread of COVID-19 is a legitimate and substantial government interest." *Cnty. of Los Angeles Dep't of Pub. Health v. Superior Ct. of Los Angeles Cnty.*, 61 Cal. App. 5th 478, 496 (2021) (finding that banning outdoor dining without masks was narrowly tailored to limiting the spread of COVID-19); *see, e.g.*, *Altman v. County of Santa Clara*, 464 F. Supp. 3d 1106, 1124 (N.D. Cal. 2020) ("easily conclud[ing]" that a shelter-in-place order bears a real and substantial relationship to the public health goals of reducing COVID-19 transmission and preserving health care resources); *Calm Ventures LLC v. Newsom*, 548 F. Supp. 3d 966, 976-77 (C.D. Cal. 2021) (citing cases) (finding that restricting indoor dining "undoubtably serve[s] an important and legitimate state interest – preventing the spread of COVID-19 during a global pandemic and protecting Californians' health and safety"); *see also Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18 (2020) (holding that "[s]temming the spread of COVID–19 is unquestionably a compelling interest").

Like other courts, the Court concludes that there is a rational basis between Napa County's mask mandate and the spread of COVID-19. Accordingly, the Court concludes that Smith's claim for relief for violation of the substantive due process clause pursuant to 42 U.S.C. § 1983 must be dismissed, and because amendment is futile, *see Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), the Court **DISMISSES** the Fourteenth Amendment due process claim without leave to amend.

**B. Bill of Attainder**

Smith also alleges that the mask mandate violated the U.S. Constitution's Bill of Attainder Clause. FAC ¶ 4. "[L]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." *U.S. v. Munsterman*, 177 F.3d 1139, 1141 (9th Cir. 1999) (internal quotations and citations omitted). "Three requirements must be met to establish a violation of the bill of attainder clause: '[S]pecification of the affected persons, punishment, and lack of a judicial trial.' " *Id.* (citation omitted).

Smith has not alleged that the Napa County mask mandate applies only to certain

individuals. To the extent that Smith alleges that he was punished without a judicial trial, his claim fails. In determining whether a legislative act imposes a "punishment," courts consider three factors: (1) whether the legislative act "falls within the historical meaning of legislative punishment," (2) whether based on the burdens imposed, the law "reasonably can be said to further non-punitive legislative purposes," and (3) whether the legislative record demonstrates a "Congressional intent to punish." *Nixon v. Administrator of General Services,* 433 U.S. 425, 475-78 (1977). Here, the mask mandate is not a bill of attainder because there is no evidence suggesting its purpose is to punish. It furthers only a non-punitive purpose – preventing the spread of COVID-19. And Smith has not alleged any Congressional intent to punish anyone, let alone Smith specifically. Accordingly, the mask mandate is not a bill of attainder. *See Ileto v. Glock, Inc.*, 421 F. Supp. 2d 1274, 1303 (C.D. Cal. 2006), *aff'd*, 565 F.3d 1126 (9th Cir. 2009). The Court **DISMISSES** this claim without leave to amend.

### C. Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 440-41 (explaining the different standards applied for different types of classifications: strict scrutiny for race, alienage, or national origin classifications, and heightened scrutiny for gender or illegitimacy classifications). To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an "intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994).

Smith alleges that being forced to wear a mask that made it "impossible to read" due to his reading glasses while "there is a wheel-chair ramp at the Napa County Library" is an Equal Protection violation. FAC ¶ 25. Smith fails to specify that he is a member of a protected class

1  which was treated differently from others similarly situated.  To the extent he alleges that reading

2  glasses-wearers are a protected class, he has not alleged that the mask mandate was enforced

3  inconsistently or only against them.  Accordingly, the Court **DISMISSES** the Equal Protection

4  claim with leave to amend.

### D. ADA Claim

Defendants also move to dismiss the ADA claim brought against Flores and the County of Napa.  As to the claim against Flores, an individual may not be sued under the ADA in their individual capacity.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA").  Accordingly, the Court **DISMISSES** the ADA claim against Flores without leave to amend.

To state a violation of Title II of the ADA, a plaintiff must allege that (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (citation omitted).  Intentional discrimination under the ADA requires a showing of deliberate indifference, that is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

The ADA defines a person with a "disability" as someone with a "physical or mental impairment that substantially limits one or more major life activities," including seeing.  42 U.S.C. §§ 1202(1)(A), (2).  "The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity."  42 U.S.C. § 1202(4)(E)(ii).  Smith wears reading glasses.  FAC ¶ 12.  Smith argues that he has a disability as defined under the ADA.  In support of his claim, he cites to *Muhammad v. California Dep't of Corr. & Rehab.*, where the Department of Corrections

1 distributed N95 respirators but failed, upon request, to provide plaintiff a mask with an adjustable
2 nose clip to prevent fogging of plaintiff's prescription glasses.  No. 221CV02341TLNJDPPC,
3 2022 WL 16702015, at *1-2 (E.D. Cal. Nov. 3, 2022).  In *Muhammad*, the claim survived because
4 plaintiff was excluded from the provision of N95 masks when he was not provided a mask that
5 allowed him to see with his prescription glasses.  This case does not support Smith's argument.
6 First, *Muhammad* was about a prisoner being denied a request to receive a certain type of mask
7 that allowed him to use his prescription glasses.  Indeed, the case suggests that provision of a mask
8 with an adjustable nose bridge would have eliminated the plaintiff's concerns.  Distinctly, Smith
9 argues that he should not have been required to wear any type of face mask and does not allege
10 that he was denied a request to receive a mask.  Second, Smith has not alleged that needing
11 prescription glasses is comparable to using reading glasses for the purposes of the ADA.
12 Ultimately, Smith does not allege that he was excluded from participation in a public activity by
13 reason of his disability.
14       Moreover, even if Smith could show that he suffers from a disability as defined by the
15 ADA, he has not alleged any facts showing intentional discrimination.  The Court **DISMISSES**
16 this claim with leave to amend.

**E. Intentional Infliction of Emotional Distress (IIED)**

18       A claim for intentional infliction of emotional distress ("IIED") requires a plaintiff to
19 allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or
20 reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering
21 severe or extreme emotional distress; (3) and actual and proximate causation of the emotional
22 distress by the defendant's outrageous conduct." *Hailey v. California Physicians' Serv.*, 158 Cal.
23 App. 4th 452, 474 (2007), *as modified on denial of reh'g* (Jan. 22, 2008) (citation omitted); *see*
24 *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).  "A defendant's conduct is outrageous
25 if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community."
26 *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (internal quotation marks and citation omitted).
27 Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or
28 other trivialities." *Id.* at 1051 (citation omitted).

Smith's only reference to IIED is labeling his third cause of action "Compensatory Relief, Intentional Infliction of Emotional Distress And Punitive Damages." FAC ¶ 34. There are no factual allegations as to what conduct was "extreme and outrageous," or that Smith suffered severe emotional distress as a result of Defendants' conduct.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES without leave to amend** the Fifth Amendment due process claim, the ADA claim as to Flores, the Fourteenth Amendment due process claim, and the bill of attainder claim. The Court **DISMISSES with leave to amend** the Fourteenth Amendment equal protection claim, the ADA claim as to the County, and the intentional infliction of emotional distress claim. Any amended complaint must be filed by **April 3, 2024**. No additional parties or claims may be added without leave of Court or stipulation of Defendant. The failure to amend the complaint by this date will result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: March 4, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Court**