1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     JEFFERY THOMAS SMITH,                    Case No.  23-cv-00132-AMO

8                    Plaintiff,

9            v.                                **ORDER DISMISSING CASE FOR
                                               FAILURE TO PROSECUTE**
10    JACQUELINE FLORES, et al.,

11                   Defendants.

12

13           On March 4, 2024, the Court dismissed pro se Plaintiff Jeffery Thomas Smith's complaint

14    with leave to amend by April 3, 2024.  ECF 32.  On March 27, 2024, Smith filed a notice of

15    appeal to the Ninth Circuit.  ECF 35.  The Ninth Circuit dismissed the appeal for lack of

16    jurisdiction on April 29, 2024, and issued the mandate on May 21, 2024.  ECF 38, 39.  On June 5,

17    2024, because Smith had not filed an amended complaint, the Court issued an Order to Show

18    Cause why the case should not be dismissed for failure to prosecute.  ECF 40.  The Court directed

19    Smith to file a response by June 26, 2024, or the Court would dismiss the case with prejudice.

20    ECF 40.  As of the date of this order, Smith has not filed a written response to the order to show

21    cause or filed an amended complaint.

22           Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for failure

23    to prosecute.  In determining whether to dismiss a case for failure to prosecute, the Court must

24    weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

25    need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

26    of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

27    *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Ferdik v. Bonzelet*, 963 F.2d 1258,

28    1260-61 (9th Cir. 1992).  Here, the Court finds that these factors weigh in favor of dismissal.

United States District Court
Northern District of California

1    First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."

2    *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Given Smith's failure to prosecute the case since

3    May, this factor weighs in favor of dismissal.  *See id.*; *see, e.g.*, *Glasper v. City of Oakland*, No.

4    23-CV-04699-HSG, 2024 WL 310205, at *2 (N.D. Cal. Jan. 26, 2024) (finding that this factor

5    weighed in favor of dismissal where plaintiff had not communicated with the Court in nearly four

6    months or complied with multiple orders).  Second, "[i]t is incumbent upon the Court to manage

7    its docket without being subject to routine noncompliance of litigants[.]"  *Pagtalunan*, 291 F.3d at

8    642.  Here, Smith has demonstrated "routine noncompliance," as he failed to respond to the June 5

9    order to show cause or to file an amended complaint.  *See id.*  This factor therefore weighs in favor

10   of dismissal.

11         Third, a defendant is prejudiced where a plaintiff's actions "impaired defendant's ability to

12   proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291

13   F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).  "Whether

14   prejudice is sufficient to support an order of dismissal is in part judged with reference to the

15   strength of the plaintiff's excuse for the default."  *Malone*, 833 F.2d at 131 (citation omitted).  In

16   *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the

17   district court found the plaintiff's excuse for her failure to comply with a pretrial order to be

18   "groundless," justifying dismissal.  *Id.*  Here, Smith has provided no reason for his noncompliance

19   and has been absent from his case since prematurely appealing the dismissal of his complaint.

20   This factor also weighs in favor of dismissal.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750,

21   753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to

22   prosecute . . .").

23         Fourth, the Court attempted to employ less drastic alternatives that have proven

24   ineffective.  The Court dismissed the complaint with leave to amend and Smith failed to amend

25   the complaint.  ECF 32.  The Court then issued an order to show cause, expressly warning Smith

26   that the deadline to amend the complaint had passed and that failure to respond to the order would

27   lead to dismissal of his case.  ECF 40.  He again failed to respond.  Thus, this factor too weighs in

28   favor of dismissal.  *See Ferdik*, 963 F.2d at 1262 (citation omitted) (stating that Ninth Circuit

United States District Court
Northern District of California

1    authority "suggest[s] that a district court's warning to a party that his failure to obey the court's

2    order will result in dismissal can satisfy the 'consideration of alternatives' requirement"); *Edwards*

3    *v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually

4    to respond to the court's ultimatum—either by amending the complaint or by indicating to the

5    court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal"); *see also*

6    *White v. Gonzales*, No. 21-CV-04221-CRB(PR), 2024 WL 1659896, at *6 (N.D. Cal. Apr. 16,

7    2024) (finding that "[o]ne consideration pertinent in determining wither dismissal should be with

8    or without prejudice is whether the court previously warned plaintiff that failure to obey a court

9    order would result in dismissal.").  Finally, the last factor – the public policy favoring disposition

10   on the merits – weighs against dismissal here, as it always does when a party fails to prosecute.

11   *See Pagtalunan*, 291 F.3d at 643.[1]

12          Having carefully considered all five factors, the court concludes that dismissal for failure

13   to prosecute is appropriate in the instant case.  Accordingly, the Court **DISMISSES** this action

14   **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to

15   prosecute. The Clerk is directed to enter final judgment against Plaintiff and close the file in this

16   matter.

17

18          **IT IS SO ORDERED.**

19   Dated: July 16, 2024

20

21

22   _____

     **ARACELI MARTÍNEZ-OLGUÍN**
     **United States District Judge**

23

24   ───────────────────────

     [1] The Court also notes that mail sent to Plaintiff was returned as undeliverable on March 25, 2024.
25   ECF 33.  Self-represented parties have a duty to notify the Court of a change of address.  Civil
     Local Rule 3-11.  When mail directed to the self-represented party by the Court has been returned
26   to the Court as non-deliverable, and the Court fails to receive a written communication of a current
     address within 60 days, the Court may dismiss a complaint without prejudice.  L.R. 3-11(b).  As of
27   the date of this Order, more than 60 days have passed since mail was returned as undeliverable.
     This is an independent basis for dismissal of the instant matter.
28

United States District Court
Northern District of California